**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10474 |
| | 16-10475 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 4:16-cr-00727-RCC |
| v. | 4:14-cr-00194-RCC |
| JUAN SUAREZ-ROCHA, a.k.a. | MEMORANDUM[*] |
| Juan Suarez Rocha, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Juan Suarez-Rocha appeals the 30-month

sentence imposed following his guilty-plea conviction for reentry of a removed

alien, in violation of 8 U.S.C. § 1326, and the 18-month consecutive sentence

imposed upon revocation of his supervised release.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time on appeal, Suarez-Rocha contends that the district court procedurally erred by failing to consider his arguments, and the 18 U.S.C. § 3553(a) factors, and sufficiently explain the sentence. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Suarez-Rocha's arguments, and the section 3553(a) factors, and adequately explained the within Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Suarez-Rocha also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Suarez-Rocha's sentence. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The aggregate sentence is substantively reasonable in light of the applicable section 3553(a) sentencing factors and the totality of the circumstances, including Suarez-Rocha's criminal history, his multiple prior removals, and his failure to be deterred by prior sentences. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-10474 & 16-10475